# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

United States of America,

      Plaintiff,

-v-                                              Case No. CR-2-01-148(2)
                                                    Judge Smith

Corey L. Edwards,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Corey L. Edwards's Motion to Compel Discovery (Doc. 136) and Motion to Dismiss (Doc. 140).  The Government has filed responses to each of Defendant's Motions (Doc. 142 and Doc. 143).  For the reasons that follow, this Court denies Defendant's Motions.

Defendant Corey Edwards is charged with conspiracy to distribute and possession with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. §841(b)(1)(A)(ii).  Count One of the Indictment alleges that as part of the conspiracy, Defendants Robinson and Carter, along with others, acquired multiple kilogram quantities of cocaine from Defendant Edwards in California.

## A.      DEFENDANT'S MOTION TO COMPEL

Defendant Corey Edwards has requested a list of nineteen categories of information he asserts he is entitled to and seeks an order from this Court requiring the Government to disclose

the information to Defendant and his counsel The Government, in its response, acknowledges the Defendant's right to discovery and inspection of information within the purview of Rule 16(a)(1)(A), (B), (C), and (D) of the Federal Rules of Criminal Procedure.  The Government, however, objects to Defendant's request for evidence beyond the scop of Rule 16.

Rule 16 of the Federal Rules of Criminal Procedure requires disclosure of (1) a defendant's written or recorded statements in possession of the government; (2) oral statements of defendant made to a person then known to him as a government agent which the government intends to introduce at trial; (3) prior criminal record of the defendant; (4) tangible evidence material to the preparation of the defense, intended for use in the government's case in chief or obtained from or belonging to the defendants; and (5) all scientific reports or physical and mental examinations.

The Government has represented to this Court that all discoverable material has been supplied to counsel for the Defendant.  Counsel for the Defendant has failed to state specifically what if any discovery he is seeking, aside from just the broad categories.  If there is something specific that Defendant believes he is entitled to receive in discovery, then counsel for Defendant should first contact the Government and if it is not provided, then a motion to compel is proper. Counsel for the Defendant is instructed that he may make an appointment with the Assistant United States Attorney to review all the physical evidence in this case. Further, if any additional discoverable information arises prior to trial, the Government is ordered to provide that information to counsel for the Defendant.

**B.**     **DEFENDANT'S MOTION TO DISMISS**

Defendant Corey Edwards moves to dismiss the indictment against him pursuant to Rules 12(b)(3)(A) and (B) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the United States Constitution.    Specifically, Defendant argues that the sixty-five month delay between the August 16, 2001 Indictment and his January 29, 2007 arraignment violated his Sixth Amendment right to a speedy trial.

The Sixth Amendment to the United States Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  Defendant correctly asserts that the Sixth Amendment and the Federal Speedy Trial Act, 18 U.S.C. § 3161, are applicable to post-indictment delay.  *See United States v. Greene*, 737 F.2d 572, 575 (6th Cir. 1984).

The Supreme Court has articulated four factors that are to be weighed in determining whether an accused has been deprived of his Sixth Amendment right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has asserted his right; and (4) the prejudice to the defendant from the delay.  *United States v. MacDonald*, 435 U.S. 850, 858 (1978); *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  Prejudice to the defendant must be considered in light of the interests the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532; *see also Cain v. Smith*, 686 F.2d 374 (6th Cir. 1982). "However, the Sixth Amendment right to a speedy trial is not primarily intended to prevent prejudice to the defense caused by the passage of time . . . the speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to

trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *MacDonald*, 456 U.S. 1, 8 (1982).

The Defendant was indicted on August 16, 2001, but was not arraigned on the charges until January 29, 2007. The case was set for trial on March 5, 2007. On February 5, 2007, the Defendant filed a motion to continue the trial which was granted and the new trial date was set for April 23, 2007. On April 16, 2007, the Government filed a motion to continue the trial and represented in the motion that counsel for the Defendant did not oppose a continuance.[1] The Government's motion for a continuance was granted and the trial is currently scheduled for August 6, 2007.

The Government asserts that there has been no violation of the Speedy Trial Act in this case. Specifically, only seven days have elapsed from the time of arraignment and the Defendant's continuance request. While compliance with the Speedy Trial Act does not bar Sixth Amendment speedy trial provision claims, the Sixth Circuit has held that it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to a speedy trial has been violated. *United States v. DeJesus*, 887 F.2d 114, 116 (6th Cir. 1989). The Court will nonetheless consider the aforementioned four factors to determine if there has been a violation of Defendant's right to a speedy trial. None of the factors alone is sufficient to establish a violation of the Sixth Amendment. Instead, the Supreme Court

---

[1] Defendant asserts in his motion to dismiss that "[c]ontrary to the assertions by the government, Defendant did not agree to a continuance although Defendant's counsel acknowledged the likelihood of a continuance being granted due to the government's need to secure the attendance of its witnesses at trial." (Def's Mot. to Dis. at 2-3).

said the factors are related and must be considered together with such other circumstances as may be relevant.  Bark*er*, 407 U.S. at 533.

1.      **Length of Delay**

In all Sixth Amendment speedy trial cases, the length of the delay is the triggering mechanism.  *See Doggett v. United States*, 505 U.S. 647, 651-52 (1992).  The *Doggett* Court stated that to trigger a speedy trial analysis, an accused must allege that the interval between accusation and the trial has crossed the threshold dividing ordinary from presumptively prejudicial delay, since, by definition, he cannot complain that the government has denied him a speedy trial if it has, in fact, prosecuted his case with customary promptness.  *Id.*  A delay is presumptively prejudicial if it is "uncommonly long" or "extraordinary."  *Id.*

Defendant argues that it has been 65 months between his indictment and arraignment and such delay is presumed prejudicial.  The Government agrees that the delay before trial is sufficient to trigger speedy trial concerns, but believes the reason for the delay is due to Defendant's avoidance of arrest.

2.      **Reasons for the Delay**

The Supreme Court has established a weighting scheme to balance the various reasons which might be asserted to explain the delay.  The purpose of the weighting scheme is to determine "whether the government or the criminal defendant is more to blame for [the] delay." *Doggett*, 505 U.S. at 651.  The *Barker* Court has recognized that both the prosecution and the Defendant may be the cause of the delay and the more intentional the delay, the more heavily it should be weighted against that party.  *Id.* at 531.

The Defendant argues that following his Indictment in August 2001, the Government did not make any effort to prosecute him.  Defendant claims he has lived in the Los Angeles, California area all his life, has maintained his family and social ties to his neighborhood, and has not made any attempt to evade law enforcement.  Defendant therefore argues that such an unjustified delay suggests negligence for which the Government bears the ultimate responsibility.

The Government argues, however, that they made efforts to locate the Defendant and attached reports from the United States Marshal's service which demonstrates that the Defendant was actively being sought and was also actively avoiding arrest.  The reports from the Marshal's service indicate that the Defendant may have used alias names.  The Government therefore argues that the Defendant bears the greater blame for the delay between the Indictment and his arrest.

The Court finds the United States Marshal's reports to be persuasive.  The Government has therefore demonstrated that efforts had been made to apprehend Defendant Edwards, but that he could not be located.  Further, during the 65 months between the indictment and his arraignment, Defendant was not incarcerated, under arrest, or subject to release on bond.  Furthermore, the Federal Speedy Trial Act specifically excludes any period of delay resulting from the absence of the defendant when his whereabouts are unknown and cannot be determined by due diligence. 18 U.S.C. § 3161 (h)(3)(A),(B).[2]

---

[2]    18 U.S.C. § 3161 (h)(3)(A),(B) provides:
(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
* * *

3.      **Defendant's Assertion of his Right to a Speedy Trial**

In *Barker*, the Supreme Court emphasized that "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."  407 U.S. at 532.  Defendant asserts that he became aware of the charges against him when he was arrested on December 26, 2006.  Defendant has asserted his speedy trial rights in his motions submitted to the Court.  The Government argues that the Defendant's request for a continuance is contrary to now arguing his right to a speedy trial.

4.      **Prejudice to the Defendant**

The *Barker* Court has provided guidance on the issue of prejudice to the Defendant:

> Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect.  This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.  Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

*Barker*, 407 U.S. at 532.  Defendant asserts that the delay is attributable to the Government and because of the presumptively prejudicial length of the delay, Defendant claims he does not have to demonstrate actual prejudice.

---

(3)(A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.

(B) For purposes of subparagraph (A) of this paragraph, a defendant or an essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. For purposes of such subparagraph, a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial.

While Defendant is currently detained in this case, the detention is presumptive based on the nature of the charges and the fact that the Defendant was a fugitive for more than five years. Therefore the Government asserts that the delay in this case between the indictment and the arraignment is attributable to the Defendant's own actions.

After carefully considering the arguments of the parties and weighing the factors set forth above, the Court finds that the there has been no harm or prejudice to the Defendant as a result of the delay in his arraignment.  The Court finds the Government's documentation convincing that they were looking for the Defendant and had difficultly tracking him down.  There has been no harm to the Defendant during this time, especially considering he claims he did not know about the indictment.  The Defendant has been able to live his life without incident, but he now must appear before this Court and face the charges against him.  Defendant's Motion to Dismiss is therefore denied.

The Clerk shall remove documents 136 and 140 from this Court's pending motions list.

**IT IS SO ORDERED.**

  */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**